**Jack HOLBROOK, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. 4–94–CV–80625.**

United States District Court, S.D. Iowa, Central Division.

Feb. 20, 1996.

John V. Donnelly and James G. Sawtelle of Sullivan & Ward, P.C., Des Moines, Iowa, for plaintiff.

William K. Rounsborg, U.S. Department of Justice, Washington, DC, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT FOR DEFENDANT

WOLLE, Chief Judge.

On December 18, 1995, the court held a bench trial on plaintiff Jack Holbrook's claim against defendant Internal Revenue Service ("IRS") for release of information pursuant to the Freedom of Information Act, 5 United States Code section 552. Holbrook seeks the release of portions of four pages of handwritten notes made by Special Agent Andrea Beeler when she interviewed Holbrook at his home on the evening of December 21, 1993. Holbrook also seeks release of portions of a four-page memorandum of interview prepared by Beeler two days after the interview.

The IRS asserts that the portions of the documents requested are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103(e)(7), and under 5 U.S.C. § 552(b)(7). The IRS contends releasing the information Holbrook seeks "would seriously impair Federal tax administration" pursuant to 26 U.S.C. § 6103(e)(7) and "could reasonably be expected to interfere with enforcement proceedings" pursuant to 5 U.S.C. § 552(b)(7)(A).

The court concludes the IRS has proven the exemptions asserted. The court now makes the following findings of fact, reaches these conclusions of law, and directs the clerk of court to enter judgment against plaintiff and for defendant.

### FINDINGS OF FACT

1. The parties' pretrial stipulation of undisputed facts is incorporated by this reference.

2.  Disclosure Officer Diane K. Austin was the IRS employee charged with determining if the information Holbrook requested should be released to him.

3.  The court finds credible the testimony of Austin that she followed standard procedures in determining the specific information that should be released to Holbrook following his initial request for information on March 25, 1994.

A.  She determined Holbrook's written request was "perfected," in that it satisfied the procedural requirements of the Freedom of Information Act.

B.  She identified the documents Holbrook sought and determined that Beeler had the documents.

C.  She requested and received the documents from Beeler. Austin read the requested documents.

D.  She then met with Beeler, the investigating agent. Austin read the documents line by line with Beeler. She decided whether releasing the information in each line would "harm" the IRS's pending case based on the information and on input from the investigating agent.

4.  Austin defined "harm" to the IRS's case to include releasing information which would impair tax federal tax administration or could reasonably be expected to interfere with tax enforcement proceedings. Austin testified that if the IRS released certain information, the targets of the investigation might tamper with or intimidate potential witnesses. Further, she testified the release of certain information could impede the investigation by allowing the scope of the investigation to be known or by allowing targets to construct defenses to the crimes charged.

5.  The court finds credible the testimony of Austin regarding the procedure she followed in determining what additional information could be released to Holbrook after he appealed the IRS's refusal to release some of information he requested. Austin and Beeler again reviewed the documents line by line. They determined additional information could be released because the field investigation of the targets was completed.

## CONCLUSIONS OF LAW

1.  The court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1331.

2.  The Freedom of Information Act provides that this court reviews the IRS's decision de novo, with the burden on the IRS to prove the exemption asserted. 5 U.S.C. § 522(a)(4)(B); *Miller v. United States Department of Agriculture*, 13 F.3d 260, 262–63 (8th Cir.1993).

3.  A government agency is not required to disclose records under § 552(b)(7)(A) of the Freedom of Information Act if the government demonstrates the requested information was "compiled for law enforcement purposes" and that disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); *Miller*, 13 F.3d at 263.

4.  The government agency must make a specific showing of why disclosure of the requested documents could reasonably be expected to interfere with enforcement proceedings. *Miller*, 13 F.3d at 263. The agency must conduct a review of the documents and explain to the court how the release of the information contained in the documents would interfere with enforcement proceedings. *See In re Department of Justice*, 999 F.2d 1302, 1309–10 (8th Cir.1993).

5.  The parties agree the documents sought were prepared during an IRS criminal investigation. The government made a specific showing that each line of the requested documents was reviewed by Austin and Beeler to determine if that information could reasonably be expected to interfere with the IRS investigation. When Holbrook appealed the IRS's initial refusal to release some portions of the requested information, Austin and Beeler repeated the analysis and additional information was released based on the status of the law enforcement proceedings at that time. The government has proved the exemption it asserted.

6.  In this case, the analysis of exemption under § 552(b)(3) does not differ significantly from the analysis under

§ 552(b)(7)(A). If the release of information could reasonably be expected to interfere with enforcement proceedings, it would also seriously impair federal tax administration. *See Grasso v. Internal Revenue Service,* 785 F.2d 70, 77 (8th Cir.1986).

## JUDGMENT

The clerk of court shall enter judgment for the defendant and against the plaintiff, at plaintiff's cost.